UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:07CV21-3-V
(5:04CR5-01-V)

| | |
|---|---|
| MARVIN HAROLD WITHERSPOON,           ) | |
| ) | |
| Petitioner,                                                  ) | |
| ) | |
| v.                                                                ) | **O R D E R** |
| ) | |
| UNITED STATES OF AMERICA,               ) | |
| Respondent.                                           ) | |
| ) | |

**THIS MATTER** is before the Court on Petitioner's 28 U.S.C. § 2255 Motion to Vacate, Set Aside, Or Correct Sentence, (Document No. 1), the Government's Motion for Summary Judgment (Doc. No. 11) and Petitioner's response to the Government's Motion for Summary Judgment (Doc. No. 15.) For the reasons stated herein. The Government's Motion for Summary Judgment will be granted and Petitioner's Motion to Vacate will be denied and dismissed.

## I. Factual and Procedural Background

A review of the record reflects that on November 8, 2004 Petitioner pled guilty pursuant to a written plea agreement, to Count Two of the Superceding Indictment which charged him with having induced, and aided and abetted the inducement of, a person under the age of 18 to engage in sexually explicit conduct for the purpose of producing visual depictions of such conduct, which visual depictions were produced using materials that had been transported in interstate commerce, in violation of 18 U.S.C. §§ 2251(a) and 2. On June 21, 2005 this Court sentenced Defendant to 120 months imprisonment to be followed by 3 years supervised release.

1

The Judgment was entered on July 12, 2005. Petitioner did not file an appeal.

On February 22, 2007 Petitioner filed the instant Motion to Vacate alleging that: (1) the Government committed prosecutorial misconduct and committed a Brady error by not disclosing that the victim and key witness against him was found to be mentally incompetent prior to Petitioner pleading guilty; (2) his attorney was ineffective for failing to request a competency hearing for the victim and (3) his attorney was ineffective for advising Petitioner not to file a motion to suppress evidence found pursuant to a search of his residence.

Petitioner concedes that his motion is untimely under 28 U.S.C. § 2255(1) but asks that this Court allow him to file this motion which is timely under 28 U.S.C. § 2255(4). Petitioner argues that the evidence upon which he bases the instant motion was not discovered until February 23, 2006 when Petitioner learned that there was a previous adjudication on the record finding Kenneth Derrick Hoyle, the victim and government's key witness against Petitioner, incompetent. According to Petitioner, he plead guilty in September 2004 and the key witness against him was adjudicated mentally incompetent in February 2004. Petitioner alleges that he would not have plead guilty if he had known that this key witness was mentally incompetent. Petitioner further alleges "that the government knew or should have known that their alleged victim and chief prosecutorial witness, Kenneth Derrick Hoyle, had been adjudicated incompetent and that his competency had not been restored." (Complaint at 4.) Petitioner also states that according to his attorney "[i]t would have been virtually impossible to locate the Order adjudicating Mr. Hoyle incompetent because the Order had been filed in an 'estate file,' and not with the incompetency orders by the Clerk of Superior Court for Caldwell County, North

2

Carolina."[1]  Petitioner alleges that "I believe that the conduct of the Government in failing to disclose the incompetency of their key witness and alleged victim amounts to prosecutorial misconduct or, at a minimum, a violation of my Brady rights entitling me to a dismissal of the charges against me or a new trial."  (Complaint at 4.)

## II. Analysis

### A. Timeliness of the Motion

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA").  Among other things, the AEDPA amended 28 U.S.C. §2255 by imposing a 1-year statute of limitations period for the filing of a motion to vacate.  Such amendment provides:

A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of–

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

---

[1] Petitioner goes so far as to say that the Government "improperly indexed the incompetency order" in an effort to "thwart[] [his] counsel's effort in locating the information that would have disclosed [the Government's] key witness as incompetent and [] subject to disqualification." (Petitioner's Memo in Support at 17.)  However, the Court notes that there is no evidence at all to support Petitioner's assertion.

3

For the purposes of the limitations period of § 2255(1), when a Petitioner does not file a direct appeal, judgment becomes final ten days after the Judgment and Commitment is filed by the district court. Here, Petitioner's Judgment and Commitment was filed on July 12, 2005. Therefore, Petitioner's Judgment became final on or about July 26, 2005. In order to file a timely 2255 motion, Petitioner had to file such a Motion within one year after his judgment became final. Petitioner did not file a § 2255 motion within the limitations period. Instead, Petitioner filed the instant motion on February 22, 2007, seven months after expiration of the limitations period.

Petitioner argues that the Court should consider his motion even though it is untimely because the evidence upon which he based the instant motion was not discovered until February 23, 2006 when Petitioner learned that there was a previous adjudication on the record finding the Kenneth Derrick Hoyle, the government's key witness against Petitioner, incompetent. To this end, it appears that Petitioner is relying upon 28 U.S.C. 2255(4) which states that the one year limitations period runs from "the date on which facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."

The Government concedes that Petitioner's first two claims related to the incompetency of the victim are timely. However, as to the third claim, Petitioner's claim of ineffective assistance of counsel related to counsel's failure to file a motion to suppress evidence seized from Petitioner's house, counsel for the Government contends such claim is not timely. This Court agrees with the Government.

Petitioner asserts three claims in his Motion to Vacate. The first two both relate to Petitioner's "newly discovered evidence" and as such, this Court will consider them timely under

28 U.S.C. § 2255(4). However, Petitioner's third claim, that his attorney was ineffective for incorrectly advising Petitioner not to file a motion to suppress evidence seized from his home is not a claim related to the newly discovered evidence and as such is untimely and is therefore dismissed. See Wims v. United States, 225 F.3d 186 (2d Cir. 2000) (in determining whether a habeas petition is timely where petitioner relies upon newly discovered evidence, "[t]he proper task . . . is to determine when a duly diligent person in petitioner's circumstances would have discovered the relevant facts").

**B. Brady Claim**

Petitioner first asserts that the Government violated his right to due process in suppressing the fact of the victim's incompetence in violation of the Supreme Court's decision in Brady v. Maryland, 373 U.S. 83 (1963). Brady and its progeny[2] require the government to provide to the defendant all information in its possession which could tend to exculpate the defendant or could be useful for impeachment of any prosecution witness.[3] Brady v. Maryland, U.S. 83, 87 (1963); Giglio v. United States, 405 U.S. 150, 154-55 (1972). In order to establish a Brady violation, a petitioner must demonstrate that: (1) the evidence was suppressed by the prosecution; (2) such evidence was favorable to the defendant, whether directly exculpatory or of impeachment value, and (3) it was material. See Spicer v. Roxbury Correctional Inst, 194 F.3d

---

[2] Closely akin to the Brady rule is the requirement that evidence tending to impeach government witnesses be disclosed to a defendant. Giglio v. United States, 405 U.S. 150 (1972). Such impeachment evidence is now generally referred to as "Giglio material." See United States v. Bagley, 473 U.S. 667, 676 (1985).

[3] "The Brady rule does not apply if the evidence in question is available to the defendant from other sources, either directly or via investigation by a reasonable defendant." United States v. Brother Constr. Co. of Ohio, 219 F.3d 300, 316 (4th Cir. 2000).

5

547, 555 (4th Cir. 1999). The duty to disclose includes evidence known only to law enforcement investigators and not to the prosecutor; thus, "the individual prosecutor has a duty to learn of any favorable evidence known to the others acting on the government's behalf in this case, including the police." Kyles v. Whitley, 514 U.S. 419, 437 (1995). A petitioner is not entitled to relief under Brady, however, unless the evidence suppressed was material, such that "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." Id. at 433-34.

In the instant case, Petitioner contends that the Brady evidence that the Government withheld is that the victim witness in this case was declared incompetent in February 2004 and Petitioner pled guilty in September 2004. Petitioner contends that he had known that the victim witness was incompetent, he would not have pled guilty. Petitioner has not established a Brady violation.

First, Petitioner's Brady claim fails because the evidence before this Court makes clear that neither the prosecution nor any person working on behalf of the Government suppressed evidence of the victim's incompetency. In his affidavit, former AUSA Brian Cromwell, states unequivocally that he had no knowledge that the victim had been adjudicated mentally incompetent until receiving a copy of Petitioner's Motion to Vacate. Former AUSA Cromwell states further that he interviewed the minor victim at length at his office, that the victim appeared to be lucid during their meeting, and that "nothing in the victim's demeanor, affect, speech patterns or body language indicated to [him] that [the victim] was mentally incompetent at that time." (Cromwell Exhibit, attached to Government's Motion for Summary Judgment ¶ 7.) Although Petitioner asserts that the knowledge of the Clerk of Caldwell County of the victim's

6

incompetency should be imputed to federal authorities, there is no evidence that the Clerk was acting on behalf of the federal government in this case.[4]  See Kyles v. Whitley, 514 U.S. 419 (1995) (prosecutor has a duty to learn of any favorable evidence known to others acting on the Government's behalf.)  Accordingly, the prosecutor did not have a duty to learn of the incompetency, nor could the prosecutor be held responsible for not disclosing a fact he did not learn or have a duty to learn.

Next, the victim witness was adjudged incompetent in connection with an unrelated proceeding.  However, such fact is not necessarily favorable to Petitioner because nothing in the incompetency order suggests that the victim would have been unavailable as a witness[5] and the fact of the victim's incompetency could have exposed Petitioner to greater punishment for his

---

[4] Petitioner argues that because he was charged in both state and federal court on charges stemming from the same conduct, the state's adjudication of incompetence with respect to Kenneth Derrick Hoyle, the victim in the instant case, in a totally unrelated proceeding should have been imputed to the Government such that they had a responsibility to disclose the information to Petitioner.  This Court disagrees.  There is no evidence that the Government knew that Mr. Hoyle had been adjudicated incompetent in an unrelated civil proceeding nor was there any relationship between the state and federal Government such that the Government had a duty to know of a civil competency hearing regarding the victim in this case and share that information with the Petitioner.

[5] In the petition seeking a guardian for Petitioner, Petitioner's parents stated that they filed it because of Petitioner's substance abuse, and unspecified learning disability, and moderately severe bipolar disorder, requiring long-term residential care. (Exhibit 2 to Govt's Motion for Summary Judgment.)  None of these assertions suggest that Petitioner would have been disqualified as a witness.  As recognized by the Fourth Circuit Court of Appeals, all witnesses are presumed competent to testify and may only be disqualified if the witness does not have knowledge of he matters about which he is to testify, lacks the capacity to recall the events about which he is to testify, or does not understand the duty to testify truthfully.  United States v. Odom, 736 F.2d 104, 112 (4th Cir. 1984); see also Fed. R. Evid. 601.  Here, while the Clerk of Superior Court in Caldwell County found the minor to be unable to manage his own affairs, none of the assertions made by the victim's parents in seeking the guardianship and none of the Clerk's findings suggest that the victim was unable to recall the events about which he was to testify or appreciate his duty to testify truthfully.

crimes.[6] Thus, the evidence of the victim's incompetency was neither exculpatory nor impeaching, and Petitioner's Brady violation claim fails on this requirement.

Finally, even if Petitioner could establish the above elements necessary for a Brady violation, his Brady claim would still fail because he cannot show that the allegedly suppressed evidence, i.e. that the victim and main witness for the Government had been adjudged incompetent in an unrelated proceeding, was material. Evidence is "material" if "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine the confidence in the outcome." United States v. Bagley, 473 U.S. 667, 682 (1985) (internal quotation omitted).

Contrary to Petitioner's assertion that the victim "was the only nexus to the government's allegations surrounding" [7] [Motion to Vacate at 13], the charges against him, the Government was also prepared to offer the testimony of Petitioner's co-conspirator, Marvin Lee Trivette, who would have testified if the case had gone to trial, that he and Petitioner conspired together to engage in videotaped sexual exploitation of the victim; that Petitioner was the director of the

---

[6] Moreover, contrary to Petitioner's assertions that the fact of the victim's incompetency would have helped his case, former Assistant United States Attorney ("AUSA") Brian Cromwell makes clear in his affidavit that Petitioner may have been exposed to a higher range of imprisonment had Mr. Cromwell been aware of the victim's incompetency, because the Government would have considered an offense level enhancement based on the victim's incompetency. See U.S. Sentencing Guidelines § 3A1.1(b)(1).

[7] Petitioner also contends that without the testimony of the victim regarding his age at the time of the alleged offense, there would be no evidence regarding the victim's age, which is an essential element of the offense. However, the Court notes that the Government could have introduced the victim's birth certificate in order to establish his age.

8

video;[8] and that he witnessed Petitioner "sexually exploit the Victim" off camera. (Cromwell Affidavit ¶ 13; PSR ¶ 18 and 19.) In light of this evidence against the Petitioner which strongly tends to incriminate him, together with the fact that there is nothing to suggest that the victim would have been unable to testify in this proceeding, Petitioner cannot establish that the fact that the victim had been declared incompetent in an unrelated proceeding is material evidence such that the result of the proceeding would have been different. Simply stated, Petitioner has not established that there was a Brady violation, therefore, his Brady claim must fail.

### C. Ineffective Assistance of Counsel

When alleging a claim of ineffective assistance of counsel, a petitioner must show that counsel's performance was constitutionally deficient to the extent it fell below an objective standard of reasonableness, and that he was prejudiced thereby. Strickland v. Washington, 466 U.S. 668, 687-91 (1984). In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689; see also Fields v. Attorney Gen'l. of Md., 956 F.2d 1290, 1297-99 (4th Cir. 1992).

To demonstrate prejudice, Petitioner must show a probability that the alleged errors worked to his "actual and substantial disadvantage, infecting his trial with error of constitutional dimensions." Murray v. Carrier, 477 U.S. 478, 494 (1986) (quoting Frady, supra). Under these circumstances, Petitioner "bears the burden of proving Strickland prejudice." Fields, 956 F.2d at 1297 (citing Hutchins, 724 F.2d at 1430-31). Therefore, if Petitioner fails to meet this burden, a "reviewing court need not consider the performance prong." Id. at 1290 (citing Strickland, 466

---

[8] The video was entitled "Marvin and Friends." (PSR ¶ 17.)

U.S. at 697).

A petitioner who alleges ineffective assistance of counsel following the entry of a guilty plea has an even higher burden to meet.  See, Hill v. Lockhart, 474 U.S. at 53-59; Fields, supra at 1294-99; and Hooper v. Garraghty, 845 F.2d 471, 475 (4th Cir. 1988).  The Fourth Circuit described a petitioner's additional burden in a post-guilty plea claim of ineffective assistance of counsel as follows:

> When a [petitioner] challenges a conviction entered after a guilty plea, [the] "prejudice" prong of the [Strickland] test is slightly modified. [The petitioner]  "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."

Hooper, supra at 475 (quoting Hill, supra at 59); accord Fields, supra  at 1297.

In evaluating a post-guilty plea claim of ineffective assistance of counsel, statements previously made under oath affirming satisfaction with counsel, such as those made by Petitioner here at the Rule 11 hearing, are  binding absent "clear and convincing evidence to the contrary." Fields, at 1299, (citing Blackledge v. Allison, 431 U.S. 63, 74-75 (1977));  accord United States v. Lemaster, 403 F.3d 216, 220-23 (4th Cir. 2005) (affirming summary dismissal of §2255 motion, including ineffective assistance claim, noting inconsistent statements made during Rule 11 hearing).

Petitioner contends that his counsel was ineffective because he failed to request a competency hearing for the victim.  However, simply because it is now known that the victim had been adjudged incompetent several months prior to Petitioner's plea, in an unrelated

proceeding, does not mean there was any evidence to suggest that Petitioner's counsel should have known there was reason to question the victim's competency. Indeed, counsel for the Government, Brain Cromwell, stated in his affidavit, that he interviewed the victim at length and there was "nothing in the victim's demeanor, affect, speech patterns or body language" that indicated that he was not competent. (Cromwell Affidavit ¶ 7.) Petitioner has not provided any evidence which tends to establish that his counsel was deficient in not requesting that the victim undergo a competency evaluation. Therefore, Petitioner has not satisfied the <u>Strickalnd</u> test and his ineffective assistance of counsel claim must fail.

### III. ORDER

**IT IS, THEREFORE, ORDERED** that the Government's Motion for Summary Judgment (Doc. No. 11) is **GRANTED** and Petitioner's Motion to Vacate, Set Aside or Correct sentence pursuant 28 U.S.C. §2255 is hereby **DENIED** and is dismissed..

**SO ORDERED.**

Signed: November 12, 2008

Richard L. Voorhees
United States District Judge